FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**Southern Division**

97 JUN -2 PM 1: 24

U.S. DISTRICT COURT
N.D. OF ALABAMA

Felton S. Gooden,                          )
    Plaintiff(s);                       )
                             )
-vs.-                                      )      No. CV 96-P-1604-S
                             )
Equifax Credit Information Services, Inc., )
    Defendant(s).                       )

ENTERED

JUN 0 5 1997

### Opinion

Based on the following reasons, the Defendant's Motion for Summary Judgment is hereby GRANTED IN PART and DENIED IN PART.

### Facts[1]

In 1987, the Plaintiff Felton S. Gooden ("Gooden") received a loan from Colonial Bank. In 1989, Gooden became disabled and payments on the loan were supposed to be made by his disability insurance carrier. During this time, some of the payments were made late and this slow payment information was transmitted to Equifax by Colonial Bank. In 1991, Gooden attempted to obtain credit from several sources but was denied credit based on the slow payment information contained in the Equifax report. Gooden contacted Equifax directly and was told that the source of the information needed to request removal of the information. Gooden contacted Colonial Bank about the negative history and a letter was sent from the Bank to Equifax requesting that this negative information be deleted. Equifax failed to delete the information at that time.

In mid-1995, Gooden applied for a credit card from Sears and J.C. Penney and was denied

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

them both based on the negative information in the Equifax credit report.  Gooden contacted Equifax and Colonial Bank.  Colonial Bank then wrote another letter requesting that the negative information be deleted from Gooden's report.  Equifax deleted the information on August 18, 1995.

Gooden filed suit against Equifax claiming violations of the Fair Credit Reporting Act (the "Act"), 15 U.S.C. § 1681, 1680,[2] 1681(n), defamation and invasion of privacy.  Equifax has moved for summary judgment.

## Analysis

I. Defamation and Invasion of Privacy

Equifax argues that summary judgment is proper as to Gooden's claims for defamation and invasion of privacy because the claims are preempted by § 1681$h$(e) except in cases of willful or malicious intent in publication of false information.  Equifax argues that Gooden has failed to introduce evidence of such willful or malicious intent.  The court agrees that Gooden has failed to introduce sufficient evidence of any such intent.  As such, there is no genuine issue of material fact regarding these claims.  Therefore, Equifax's Motion for Summary Judgment is due to be granted on these claims.

II.  Fair Credit Reporting Act, 15 U.S.C. § 1681$n$

Under § 1681$n$, consumers may seek recovery from consumer reporting agencies for willfully failing to comply with any requirement imposed by the Act.  In support of its motion for summary judgment, Equifax argues that Gooden has failed to introduce evidence of willfulness

---

2.  The complaint identifies §1680 as one of the sections the plaintiff is alleging the defendant violated. However, there is no §1680 in the Fair Credit Reporting Act.  It appears that the Plaintiff is actually suing under §1681$o$. The court assumes that the complaint contained a typographical error.

in any inaccuracy in his credit report. The court agrees that Gooden has failed to introduce sufficient evidence of willfulness on the part of Equifax. Thus, there are no genuine issues of material fact relating to the claim under § 1681*n* and Equifax's Motion for Summary Judgment is due to granted as to this claim.

III. Fair Credit Reporting Act, 15 U.S.C. §1681*o*

The Fair Credit Report Act §1681*o* imposes liability on a credit reporting agency for negligently failing to comply with the requirements of the Act. Under the Act, the consumer is required to bring an action within two years of the date on which the liability arises. Equifax argues that Gooden's claims are time barred because he discovered the inaccurate information in 1991. Gooden argues that the transmission of the inaccurate reports in 1995 constituted distinct and separate torts. Although there is no binding authority in the Eleventh Circuit addressing the issue of when the statute of limitations begins to run on credit reports issued at different times,[3] the court is persuaded by the reasoning in *Hyde v. Hibernia National Bank*, 861 F.2d 446 (5th Cir. 1988) that the statute is triggered when the agency issues an erroneous report to an institution with which the consumer is dealing. It is at that time that the consumer suffers an injury and it is at that time the liability arises.

Equifax argues that it was in compliance with the Fair Credit Reporting Act in 1995 because it promptly deleted the disputed information when Gooden complained about it at that time. Equifax argues that any action or inaction in 1991 is not due to be considered because those acts occurred more than two years ago and is barred by the statute of limitations. However,

---

3. Equifax argues that *Clay v. Equifax, Inc.*, 762 F.2d 952 (11th Cir. 1985) should be followed. However, this case and the *Clay* case are factually dissimilar. In this case, unlike the single report which was merely reproduced in *Clay*, Equifax sent different reports to different potential creditors at different times.

3

the statute of limitations requires that suit brought within two years from the date the liability arises.  15 U.S.C. § 1681*p*.  Because the court has determined that each newly published report creates a new injury, the statute only bars the bringing of suit on liabilities incurred more than two years ago.  In this case, damages for the reports issued in 1991 would be barred but the statute would not bar the introduction or consideration of evidence of activities or incidents that occurred in 1991 which may have led to the damages incurred in 1995.

Although Equifax argues that its procedures were reasonable and that the credit report was not inaccurate, there remain genuine issues of material fact regarding Gooden's claims for negligent non-compliance under §1681*o*.  Therefore, Equifax's Motion for Summary Judgment as to this claim is due to be denied.

**Conclusion**

Based on the forgoing reasons, the Defendant's Motion for Summary Judgment is GRANTED as to all the Plaintiff's claims except those based on negligent non-compliance.

Dated: *June* 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
Mr. Jerry O. Lorant
Mr. Haydn M. Trechsel
Mr. James C. Barton, Jr.